| | |
|---|---|
| 1 | JAMES A. MARISSEN (SBN: 257699) |
| | jmarissen@grsm.com |
| 2 | RACHEL A. WEITZMAN (SBN: 307076) |
| | aweitzman@grsm.com |
| 3 | GORDON REES SCULLY MANSUKHANI, LLP |
| | 2211 Michelson Drive, Suite 400 |
| 4 | Irvine, CA 92612 |
| | Telephone: (949) 255-6996 |
| 5 | Facsimile: (949) 474-2060 |
| 6 | Attorneys for Plaintiff |
| | YANG MING MARINE TRANSPORT CORP. |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YANG MING MARINE TRANSPORT CORP., a foreign corporation, | | CASE NO. |
| Plaintiff, | | **COMPLAINT** |
| vs. | | |
| MOMENTUM LOGISTICS CORP., a California corporation, and Does 1-10, | | |
| Defendants. | | |

COMES NOW Plaintiff YANG MING MARINE TRANSPORT CORP. ("YANG MING"), and its Complaint and causes of action against Defendant MOMENTUM LOGISTICS CORP. ("MOMENTUM" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a maritime claim for breach of contract and unpaid freight, detention, demurrage, storage and/or other costs pursuant to ocean bills of lading and an ocean carrier's tariff and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1).

2. In the alternative, it presents a federal question under 28 U.S.C. § 1331 in that it arises under the Shipping Act of 1984, as amended, 46 U.S.C. §§ 40101 et seq.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) as YANG MING and MOMENTUM have agreed that suit shall be brought in the United States District Court for the Central District of California.

## PARTIES

4. Plaintiff YANG MING now, and at all material times was, a foreign corporation duly organized under the laws of Taiwan, with a principal place of business located at 271 Ming De 1st Road, Cidu District, Keelung 20646, Taiwan. YANG MING is, and at all material times was, an ocean carrier and common carrier of goods for hire on ocean-going vessels between United States ports and foreign ports.

5. Defendant MOMENTUM now, and at all material times was, a corporation organized and existing under the laws of California, with its principal place of business at 13353 Alondra Blvd., Ste. 212, Santa Fe Springs, California, 90670. MOMENTUM is, and at all material times was, a non-vessel owning common carrier ("NVOCC").

6. YANG MING alleges that there may be additional entities or individuals that may be responsible in some manner for the occurrences and injuries alleged in this Complaint. Their names and capacities are currently unknown to YANG MING and are referred to as Does 1-10. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained. YANG MING is informed, believes and thereon alleges that each additional entity or individual is liable for the acts and/or omissions as set forth below, and that YANG MING's rights against such additional entity or individual arises from such acts and/or omissions.

/ / /

## FACTUAL BACKGROUND

7. Between July 3, 2018 and August 4, 2018, MOMENTUM booked a total of one-hundred and twenty (120) containers said to contain "lead concentrates" ("the Cargo") for carriage between New York, New York to Laem Chabang, Thailand under YANG MING Bills of Lading Nos. YMLUE144324039 dated July 3, 2019, YMLEU144324263 dated July 10, 2018, YMLEU144324567 dated July 17, 2018, YMLUE144324794 dated July 23, 2018, and YMLUE144325080 dated August 4, 2019 (collectively "YANG MING Bills") as follows:

   a. On or about July 3, 2018, MOMENTUM booked twenty-five (25) containers of cargo, being container nos. CXDU2270182, TEMU0968121, BEAU2328613, YMLU3405428, SEGU2815594, TEMU4921246, YMMU1002670, TEMU0755050, YMLU3599196, YMLU3466439, YMLU3637845, YMLU3553960, SEGU1570007, TEMU0741185, TRHU1352772, OCGU2102826, BEAU2559037, BEAU2275405, YMMU1063130, YMLU3462963, CAIU3043800, YMLU3467395, TCKU1257191, CAIU2769188, and SEGU1382714, for shipment with YANG MING for carriage from New York, New York to Laem Chabang, Thailand under YANG MING Bill of Lading No. YMLUE144324039 dated July 3, 2019 ("Shipment One").

   b. On or about July 10, 2018, MOMENTUM booked twenty (20) containers of cargo, being container nos. SEGU2686250, SEGU1040542, YMLU3469192, MAGU2443888, SEGU2137516, DFSU1602829, OCGU2071920, TRHU3482991, SEGU1383562, TEMU5562460, CAIU2873248, MAGU2430638, BEAU2279611, TEMU0212983, YMLU3588458, YMLU3417270, TGBU2020526, YMLU3610119, YMLU3518722, ANDCAIU6277782 for shipment

      with YANG MING for carriage from New York, New York to Laem Chabang, Thailand under YANG MING Bill of Lading No. YMLEU144324263 dated July 10, 2018 ("Shipment Two").

    c.    On or about July 17, 2018, MOMENTUM booked twenty-five (25) containers of cargo, being container nos. TCKU1261859, TEMU0751780, YMLU3434452, BEAU2385402, YMLU3320059, TCLU3646733, TRHU1639588, YMLU3515615, BEAU2409401, TEMU1844125, TEMU5582044, TCKU1171415, TCKU1189076, YMMU1197205, YMLU3486836, CXDU2313999, SEGU2109237, SEGU1355724, YMLU3437092, YMMU1049390, SEGU2247576, TGCU2001638, MAGU2539233, TTNU1223558, and TEMU5501530 for shipment with YANG MING for carriage from New York, New York to Laem Chabang, Thailand under YANG MING Bill of Lading No. YMLEU144324567 dated July 17, 2018 ("Shipment Three").

    d.    On or about July 23, 2018, MOMENTUM booked twenty-five (25) containers of cargo, being container nos. YMLU3429060, TEMU0242078, CAIU3030778, YMMU1156166, TEMU0738129, TEMU0336238, YMLU3334767, SEGU2751838, TEMU5568560, TRHU3077880, YMMU1187110, TEMU0968610, DFSU1501968, BEAU2483137, YMMU1144838, TEMU3643726, YMMU1077690, TEMU1700112, SEGU2054480, YMLU3602601, MAGU2533174, YMMU1149589, CAIU6548734, BEAU2468106, and YMMU1104882 for shipment with YANG MING for carriage from New York, New York to Laem Chabang, Thailand under YANG MING Bill of Lading No. YMLUE144324794 dated July 23, 2018 ("Shipment Four").

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

e. On or about August 4, 2018, MOMENTUM booked twenty-five (25) containers of cargo, being container nos. SEGU2744504, YMLU3394473, YMLU3357741, YMLU3491489, YMMU1001740, TLLU2253869, TCKU1188470, TRHU1432271, TRHU3560137, YMMU1006274, YMMU1159967, YMMU1214977, YMLU3336414, SEGU1390854, YMMU1066334, TLLU2251830, YMLU3551783, MAGU2547922, SEGU2817323, SEGU1371005, YMLU3626183, TEMU3767028, YMLU3443618, TEMU0344608, and YMMU1180434 for shipment with YANG MING for carriage from New York, New York to Laem Chabang, Thailand under YANG MING Bill of Lading No. YMLUE144325080 dated August 4, 2019 ("Shipment Five").

8. YANG MING received the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five for shipment from New York New York to Laem Chabang, Thailand pursuant to the terms and conditions of YANG MING Bills.

9. At all material times, MOMENTUM was the named shipper under the YANG MING Bills, and thus MOMENTUM qualifies as a "Merchant" under Clause 1 of the Terms and Conditions of the YANG MING Bills.

10. MOMENTUM was the entity for whose account the transportation services were provided by YANG MING, was the party that received and benefitted from the transportation services provided by YANG MING, and was the entity responsible for payment of charges relating to the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five.

11. MOMENTUM tendered the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five to YANG MING for transportation between the United States and Thailand on ocean vessels for which freight and other charges were lawfully incurred pursuant to the terms of the

YANG MING Bills and/or applicable tariff(s).

    12.    YANG MING's Bill of Lading Standard Terms and Conditions (as applicable to the relevant YANG MING Bills) provides the following:

> **"Merchant"** includes the shipper, Holder, consignee or receiver of the Goods or any Person owning or being entitled to possession of the Goods or this Bill and anyone acting on behalf of any such Person.
>
> …
>
> **6.  LIBERTY CLAUSE**
>
> If at any time the Carriage is, or is likely to be, affected by any situation which has given, or is likely to give rise to danger, injury, loss, delay, risk of capture, seizure or detention, sanction by any government or other authority or disadvantage of whatsoever nature to the Vessel, the Carrier, any Underlying Carrier or Sub-Contractor utilized in the Carriage of Goods, or if such situation makes it in any way unsafe, impracticable or unlawful or against the interests of the Carrier or the Merchant to commence or continue the Carriage of Goods, the Carrier may, at any time, in its sole discretion:
>
> (1) Unpack the Container(s) or otherwise dispose of Goods in such way as the Carrier may deem advisable at the risk and expense of the Merchant;
>
> . . .
>
> (4) Abandon the Carriage and place Goods at the Merchant's disposal at any place or port which the Carrier may deem safe and convenient, whereupon the Carrier's responsibility for Goods shall cease. Notwithstanding the abandonment, the Carrier shall nevertheless be entitled to full Freight on Goods, and the Merchant shall pay any additional costs of the carriage to, and delivery and storage at such place or port.
>
> . . .
>
> **18. NOTIFICATION AND DELIVERY**
>
> . . .
>
> (2) The Merchant shall take delivery of Goods within the time provided for in the Carrier's applicable Tariff.
>
> (3) If the Merchant fails to take delivery of Goods, or any part thereof, in accordance with this Bill, the Carrier may without notice remove Goods, or any part thereof, and/or store Goods, or that part thereof, ashore, afloat, in the open or undercover. Such storage shall constitute due delivery hereunder, and all liability whatsoever of the Carrier in respect of Goods, or that part thereof, shall cease forthwith.
>
> …

**19. FREIGHT AND CHARGES**

(4) The Merchant and Goods shall be jointly and severally liable to the Carrier for the payment of al Freight, demurrage, General Average, salvage and other charges, including but not limited to court costs, expenses and reasonable legal costs incurred in collecting sums due to the Carrier. Payment of ocean Freight and charges to a freight forwarder, broker or anyone other than the Carrier, or its authorized agent, shall not be deemed payment to the Carrier and shall be made at payer's sole risk.

13. Between August and September 2018, the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five were discharged in Laem Chabang, Thailand and made available for collection by MOMENTUM.

14. MOMENTUM has refused to take delivery of the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five, provide any other shipping instructions and/or provide customs documentations for the containers to be re-exported from Laem Chabang, Thailand to the United States.

15. Accordingly, the one-hundred and twenty (120) containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five still remain idle at the marine terminal in Laem Chabang, Thailand, thereby accruing various daily and other charges including detention and demurrage.

16. Having effected delivery of the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five, YANG MING fully performed all of its obligations under the YANG MING Bills.

17. As a result of MOMENTUM's failure to take delivery of the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five, provide the required shipping instructions and/or provide customs documentation, YANG MING has incurred damages,

/ / /

liabilities, charges, expenses, fees and costs for storage, detention and demurrage.

18. Under the terms of the YANG MING Bills and/or applicable tariffs, MOMENTUM is obligated to pay these costs, damages, and expenses due and owing by MOMENTUM to YANG MING.

19. As of April 24, 2019, these costs, damages and expenses due and owing by MOMENTUM to YANG MING total US$797,050.00. These costs, damages and expenses continue to accrue while the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five remain idle.

20. YANG MING fully performed all of its obligations under the YANG MING Bills. MOMENTUM received and benefited from the transportation services provided by YANG MING, and are responsible for payment for these various damages, expenses and cots relating to the idle containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five.

### FIRST CAUSE OF ACTION
(For Breach of Maritime Contract)

21. YANG MING refers to and incorporates by reference as though fully set forth at length herein its allegations in paragraphs 1 through 20 above.

22. YANG MING transported and carried the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five as described herein, at the request and for the benefit of MOMENTUM, in accordance with the terms and conditions of the YANG MING Bills.

23. YANG MING fully performed all of its obligations under the YANG MING Bills and carried the containers for Shipment One, Shipment

-8-

1 Two, Shipment Three, Shipment Four, and Shipment Five from New York,
2 New York and successfully discharged the containers in Laem Chabang,
3 Thailand.
4     24.    Under the terms of the YANG MING Bills and applicable law,
5 MOMENTUM was required to provide shipping instructions and/or customs
6 documents and/or accept delivery of the containers for Shipment One,
7 Shipment Two, Shipment Three, Shipment Four, and Shipment Five within
8 the time provided for in YANG MING's Bills, and they agreed to be
9 responsible and liable for any and all damages, liabilities, charges, costs,
10 expenses and fees arising form or resulting from their failure to provide
11 shipping instructions and/or customs documents and/or accept delivery of
12 the containers for Shipment One, Shipment Two, Shipment Three, Shipment
13 Four, and Shipment Five.
14     25.    Under the terms of the YANG MING Bills and applicable law,
15 MOMENTUM agreed to be liable and responsible for any and all detention,
16 demurrage and other charges due under the YANG MING Bills.
17     26.    MOMENTUM breached the terms of the YANG MING Bills
18 by failing to provide shipping instructions and/or customs documents and/or
19 accept delivery of the containers for Shipment One, Shipment Two,
20 Shipment Three, Shipment Four, and Shipment Five, and by failing to pay
21 YANG MING the damages, liabilities, detention, demurrage, and other
22 related expenses and fees arising from MOMENTUM's breach or breaches
23 of the YANG MING Bills.
24     27.    As a proximate cause of MOMENTUM's breach or breaches of
25 the YANG MING Bills, breach of warranty, and the matters set forth herein,
26 YANG MING has incurred, and MOMENTUM is liable to YANG MING
27 for, damages in the amount exceeding US$797,050.00.  These costs,
28 damages and expenses continue to accrue while the containers for Shipment

One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five remain idle.

## SECOND CAUSE OF ACTION

(Money Due Under Marine Tariff)

28. YANG MING refers to and incorporates by reference as though fully set forth at length herein its allegations in paragraphs 1 through 27 above.

29. YANG MING transported and carried the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five as described herein, at the request and for the benefit of the MOMENTUM, and in accordance with the terms and conditions of the YANG MING Bills and subject to the rates and charges in its tariffs on file with the Federal Maritime Commission.

30. Under the said tariffs, YANG MING is required to collect and is entitled to recover from MOMENTUM, and MOMENTUM are required to pay YANG MING, all unpaid demurrage, detention, port and terminal storage charges, and any other damages, liabilities, charges, penalties, costs, expenses and fees arising from the carriage of the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five, as well as MOMENTUM's failure to provide required shipping instructions and/or customs documentation and/or accept delivery of the containers for Shipment One, Shipment Two, Shipment Three, Shipment Four, and Shipment Five.

31. Despite demand for payment, MOMENTUM has failed to pay YANG MING amounts due under the tariffs and tariff compensation is due, owing and unpaid to YANG MING from MOMENTUM in an amount exceeding US$797,050.00. Additional charges continue to accrue in

/ / /

1 accordance with the terms of said tariffs, together with attorneys' fees, costs
2 and expenses incurred in collecting said charges.

### THIRD CAUSE OF ACTION

(Negligence)

32. YANG MING refers to and incorporates by reference as though fully set forth at length herein its allegations in paragraphs 1 through 31 above.

33. At all material times herein, MOMENTUM owed YANG MING a legal duty to exercise due care to provide required shipping instructions and/or customs documentation and/or to accept delivery of the Containers in Laem Chabang, Thailand. The legal duty of MOMENTUM to YANG MING arose because MOMENTUM is a party to the YANG MING Bills. The legal duty of MOMENTUM to YANG MING also arose independently of the aforesaid bills of lading because of many factors, including, without limitation, the foreseeability of harm to YANG MING from their acts and omissions, the degree of certainty that YANG MING suffered injuries, the closeness of the connection between MOMENTUM's conduct and the injury suffered.

34. MOMENTUM breached its duty of care by, inter alia, failing to provide required shipping instructions and/or customs documentations and/or accept delivery of the Containers in Laem Chabang, Thailand or otherwise arranging for the Containers' delivery.

35. As a proximate result of the negligence of MOMENTUM, YANG MING has incurred, and MOMENTUM is liable to YANG MING for, additional freight, storage, demurrage, detention, liabilities, charges, penalties, costs, expenses and fees in an amount exceeding US$797,050.00, plus any additional damages and costs as they continue to accrue.

/ / /

# **PRAYER**

WHEREFORE, Plaintiff YANG MING prays for judgment against MOMENTUM as follows:

1. That the Court order judgment in favor of YANG MING and against the MOMENTUM in an amount not less than US$797,050.00, for any and all additional freight, storage, demurrage, detention, liabilities, charges, penalties, other costs, expenses and fees caused by MOMENTUM's breach or breaches of the YANG MING Bills and/or applicable tariffs and/or negligence, for all amounts due under YANG MING's tariffs, as well any additional damages and costs that continue to accrue at an amount to be established at trial;

2. That the Court award YANG MING its attorneys' fees, costs and expenses incurred as a result of MOMENTUM's breach or breaches and/or in collecting the sums due from the MOMENTUM;

3. That the Court award YANG MING interest on all of the above as well as its costs of suit; and

4. That the Court award such other and further relief as the Court deems just and proper.

Dated:  April 29, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ *James A. Marissen*
James A. Marissen
Rachel A. Weitzman
Attorneys for Plaintiff
YANG MING MARINE TRANSPORT CORP.